IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-255-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| LOGAN SCOTT FARMER, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Rocky Mount Police Department assigned to the Violent Fugitive Task Force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his great-aunt. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant, age 24, was charged in a twelve-count indictment on 28 October 2014 with 7 Hobbs Act convenience store robberies between 23 November 2013 and 12 January 2014 in violation of 18 U.S.C. § 1951(b)(3) (cts. 1, 3-5, 7, 9-10); four counts of using and carrying a firearm (*i.e.*, a rifle) during and in relation to 4 of the robberies, and possession and brandishing

of the firearm in furtherance of those robberies in violation of 18 U.S.C. § 924(c) (cts. 2, 6, 8, 11); and one count of possession of a firearm by a convicted felon in connection with one of the robberies in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 12). The evidence presented at the hearing showed the following:

All but one of the robberies was recorded on videotape. In addition, defendant confessed to all but one of them. He also led police to the area where he discarded the rifle while fleeing pursuing officers.

In one robbery, defendant forced an employee into a back room at gun point, and the employee subsequently identified defendant's voice. In two of the three robberies in which defendant did not use the rifle, he brandished a toy pistol and in the other he brandished a crowbar.

When defendant realized an officer was following him after the last of the robberies, defendant stopped his car and fled on foot, stole a car, and traveled to a Food Lion parking lot, where he was found in the stolen car with another person. Police located the car and, when he spotted them, he fled from this car on foot, entering the Food Lion. After a foot chase, he was apprehended.

Defendant is a heroin addict. He has a history of sexual abuse as a child.

### Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the

2

evidence reviewed above; the violent nature of the offenses charged; the circumstances of the offenses charged, including their relative recency, the armed nature of each of the robberies, defendant's flight from law enforcement,[1] and the substantial prison term defendant faces if convicted; defendant's criminal record, including a felony conviction for attempted drug trafficking, revocation of the probation upon which he was placed for the felony conviction (for which defendant served 16 months in prison), and two misdemeanor convictions; the danger of continued violent offense conduct by defendant if released; defendant's substance abuse history (including unsuccessful treatment) and mental health concerns; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of flight and danger presented by defendant and defendant's apparent lack of respect for his family (*e.g.*, he stole property from them, including his mother's car which he used in one of the robberies); and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's acceptance into the TROSA drug rehabilitation program. It finds, however, that the factors favoring detention strongly outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver

---

[1] At the hearing, the court erroneously stated that the first robbery occurred within six months after his release from prison for this probation revocation. The court has disregarded that erroneously stated fact in its ruling as memorialized in this order.

defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 10th day of November 2014.

James E. Gates
United States Magistrate Judge