IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-255-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LOGAN SCOTT FARMER, )<br>)<br>Defendant. ) | O R D E R |

This matter came before the court today for a hearing on the competency of Defendant Logan Scott Farmer ("Defendant") to determine whether Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, in accordance with 18 U.S.C. §§ 4142 and 4247(d). At the hearing the government was represented by Assistant United States Attorney Rudy Renfer and Defendant, who was present in the courtroom, was represented by James Ayers. The court advised Defendant of his rights under 18 U.S.C. § 4247(d), which Defendant indicated he understood, and Defendant indicated further he was prepared to go forward with his case today.

The government argued the findings contained in the Forensic Evaluation dated November 6, 2015, and filed November 13, 2015, which was prepared by Judith Campbell, Ph.D., Forensic Psychologist of the Federal Medical Center of Lexington, Kentucky, pursuant to an order entered August 18, 2015. A copy of the Forensic Evaluation was provided to counsel in advance of the hearing and was reviewed by Defendant. According to the Forensic Evaluation, Defendant is not currently suffering from a mental disease or defect rending him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. The government offered no further

evidence. Defendant did not contest the findings of the Forensic Evaluation offered by the government or present any evidence.

After consideration of the position of the parties and the findings contained in the Forensic Evaluation, the court does not find by a preponderance of the evidence, pursuant to 18 U.S.C. § 4141(d), that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A finding that Defendant is mentally competent to stand trial shall not prejudice him in raising the issue of his insanity as a defense to the offense charged, and shall not be admissible as evidence at trial for the offense charged. 18 U.S.C. § 4241(f).

So ordered, the 15th day of December 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge